**ZHIZHONG ZHENG; Zhongqing Peng; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73026.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2011.*

Filed Aug. 16, 2011.

Zhizhong Zheng, pro se.

Zhongqing Peng, pro se.

Xuer Jin, pro se.

Donald Anthony Couvillon, Esquire, DOJ—U.S. Department of Justice, Washington, DC, District Director, Esquire, Office of the District Counsel Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, San Francisco, CA, Blair O'Connor, Assistant Director, U.S. Department of Justice, Washington, DC, for Respondent.

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Zhizhong Zheng and Zhongqing Peng, natives of China and citizens of Nauru, and their daughter, native of Thailand and citizen of Nauru, petition for review of the decision of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission from petitioners' asylum application and asylum officer interview of the significant instance of harm they testified they suffered in Nauru, *see Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003) (omission of a "dramatic, pivotal" event from asylum application supported agency's adverse credibility determination); *see also Li,* 378 F.3d at 962–

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

63, and the agency reasonably rejected petitioners' explanations for the omission, *see Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir.2007). We reject petitioners' contention that the agency improperly relied on the credible fear interview, particularly because the asylum officer testified at the hearing. *See Li,* 378 F.3d at 963.

In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.